UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROOSEVELT WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-61-RLM |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Roosevelt Williams, representing himself, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary hearing in MCF 15-10-295 in which a disciplinary hearing officer found him guilty of possession of a controlled substance in violation of Indiana Department of Correction policy B-202. He was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 2 to Credit Class 3. According to Mr. Williams, there are five grounds which entitle him to habeas corpus relief.

In Ground One, Mr. Williams argues that he is entitled to habeas corpus relief because he wasn't provided with a valid chain of custody report. He wasn't entitled to a chain of custody report. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Due process doesn't require a complete chain of custody in prison disciplinary cases. "Absent some affirmative indication that a mistake may have been made, [the]

hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." Webb v. Anderson, 224 F.3d 649, 653 (7th Cir. 2000). There is no affirmative indication that a mistake was made with respect to the evidence against Mr. Williams. To the extent that Mr. Williams claims that he was entitled to a chain of custody report pursuant to Department of Correction policy, the Department of Correction's failure to follow its own policy doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Thus, Ground One is not a basis for granting habeas corpus relief.

In Ground Two, Mr. Williams argues that he is entitled to habeas corpus relief because he was denied the right to present evidence in his defense. He argues that his request for pictures of the three confiscated bottles was improperly denied. He seems to misunderstand what happened. His request for this evidence wasn't denied - the hearing officer reviewed photographs of the confiscated bottles. To the extent Mr. Williams argues that he wasn't allowed to review the photographs personally, such a denial would amount to harmless error. See Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003) (prisoner must establish that the denial of the evidence resulted in actual prejudice, rather than harmless error). Mr. Williams admits that he had the bottles and was aware of the contents. ECF

1-1 at 4-5 (Mr. Williams asserts that "the green leafy substance was nothing but seasoning that he takes to the chow hall to use on his food. Petitioner puts small quantities in bags so he would not have to carry the bottles in his hands..."). Ground Two doesn't identify a basis for granting habeas relief.

Mr. Williams argues in Ground Three that he is entitled to relief because he wasn't provided with a detailed description of the hearing officer's findings of fact. While Mr. Williams had a right to a "written statement by the factfinder[] as to the evidence relied on and the reasons for the disciplinary action," Wolff v. McDonnell, 418 U.S. at 563, Mr. Williams received such a written statement in the Report of Disciplinary Hearing. Mr. Williams might have wanted a more detailed explanation of why the hearing officer decided against him, the explanation he was given satisfied his due process right. Ground Three doesn't serve as a basis for habeas corpus relief.

In Ground Four, Mr. Williams argues that he is entitled to relief because he was denied his right to an impartial decision-maker. "[P]risoners are entitled to be free from arbitrary actions of prison officials." McPherson v. McBride, 188 F.3d 787 (7th Cir. 1999) (quotation marks omitted). But in the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d at 666. Mr. Williams first argues that the other alleged deficiencies he identifies in his petition serve as evidence that the hearing officer wasn't impartial. This

claim is more akin to a claim that the evidence was insufficient to find him guilty, which is addressed in the next section. Mr. Williams also argues that the hearing officer wasn't impartial because on the day his hearing was scheduled to take place, he went to the hearing officer's office, but his disciplinary paperwork was missing. Later that day, the hearing officer conducted two searches of his cell and accused Mr. Williams of having stolen the paperwork. According to Mr. Williams, another prisoner was later determined to be responsible for mishandling the paperwork. The next day, the hearing officer conducted Mr. Williams' disciplinary hearing. Mr. Williams claims that the hearing officer's accusations rendered the hearing officer biased against him. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Piggie v. Cotton, 342 F.3d at 666. Mr. Williams's hearing officer wasn't involved in the underlying incident, but rather the preparation for the hearing itself. Mr. Williams's allegation that the hearing officer suspected him of stealing disciplinary paperwork is not alone enough to satisfy the high level of evidence required to establish bias. Thus, Ground Four does not serve as a basis for granting habeas relief.

Mr. Williams argues in Ground Five that he is entitled to habeas corpus relief because the hearing officer didn't have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary

4

board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d at 786.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d at 652 (quotation marks, citations, parenthesis, and ellipsis omitted).

The Conduct Report charged Mr. Williams as follows:

> On 10/15/15 at approximately 1145 AM I, Sgt. D. Uhle was conducting a search of cell E227/228 with my K9 partner. During the search of cell E227/228 my K9 partner indicated on offender Ice, Donte #956949 E228 property box. At which time I started a search of the property box and noticed a bbq bottle that looked altered. I noticed the bottom of the bbq bottle could be twisted off. I unscrewed the bottom of the bbq bottle and found a white powdery substance wrapped in cellophane. I then continued the search of the cell and noticed another altered bbq bottle sitting on offender Williams, Roosevelt #974618 E227 cubicle shelf. I unscrewed the bottom of the bbq bottle and found 3 small bags containing a green leafy substance. The search of the cell was continued and Lt. F. Rush found a thumb drive in a cut out of a cooler belonging to offender Williams. After the completion of the cell search I asked offender Ice and offender Williams who the items belonged to. Officer Ice and offender Williams both stated "we just bought those bbq bottles for the bbq". Neither offender Ice nor offender Williams would admit to

5

> the contraband. The items were confiscated and both offender Ice and
> offender Williams were identified by their state ID.

ECF 12-1.

The Department of Correction defines offense B-202 as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Department of Correction's definition of 'possession' includes any contraband on the prisoner's person, without reference to ownership: "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04 101_The_Disciplinary_Code_for_Adult_Offenders__6-1-2015.pdf.

The hearing officer had sufficient evidence to find Mr. Williams guilty. A conduct report alone can be enough evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. The evidence demonstrated that three barbeque bottles had been altered to conceal items within a false bottom. Concealed within these bottles were small bags of a leafy green substance and a white powdery substance. It was the hearing officer's exclusive province to weigh

6

the respective credibility of the evidence. See Webb v. Anderson, 224 F.3d at 653. It was neither unreasonable nor arbitrary for the hearing officer to reject Mr. Williams' assertion that the leafy green substance was an innocuous seasoning for food, where the substance had been intentionally concealed within the false bottom of a barbeque sauce bottle. The hearing officer had sufficient evidence to find Mr. Williams guilty, so Ground Five does not serve as a basis for granting habeas relief.

For the reasons set forth above, the court DENIES the petition (ECF 1). The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: October 16, 2017

    /s/ Robert L. Miller, Jr.
Judge
United States District Court